ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
 Email: swanise@gtlaw.com
CASEY SHPALL, ESQ.
*Admitted Pro Hac Vice*
GREGORY R. TAN, ESQ.
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone:  303) 572-6500
Email:   shpallc@gtlaw.com
           tangr@gtlaw.com

*Counsel for Defendants*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CRISS L. ROGERS, | CASE NO. 2:19-cv-01581-APG-NJK |
| Plaintiff, | |
| v. | **PROPOSED STIPULATED PROTECTIVE ORDER** |
| C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED, | |
| Defendants. | |

The parties, through their respective counsel, stipulate to the entry of a protective order to govern the dissemination of documents, materials, and other information, including the substance and content thereof, designated by any party as confidential and produced by any party in support of motions, in response to written discovery, or during any formal or informal discovery in this litigation subject to the terms as set forth below.

/ / /

- 1 -

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

WHEREAS, the parties to this action, through their respective counsel, have agreed that a protective order preserving the confidentiality of certain documents and information should be entered by the Court.

THEREFORE, IT IS ORDERED as follows:

## I. **Definitions**

1. **Confidential Information**. "Confidential Information" is defined herein as any information that constitutes, reflects, discloses, or contains: (1) a "trade secret or other confidential research, development, or commercial information" that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G); ; and (2) information that may be protected from disclosure under a party's constitutional right of privacy such as confidential and private psychiatric, psychological, medical condition and/or employment information.

2. **Trade Secret**. A party, in designating information "Confidential" because it contains a "Trade Secret," shall designate only information that meets the definition of trade secret contained in 18 U.S.C. § 1839:

> the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –
>
> > (A) the owner thereof has taken reasonable measures to keep such information secret; and
> >
> > (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

3. **This Action**. "This Action" means *Criss L. Rogers v. C. R. Bard, Inc., et al.*, Case No. 2:19-cv-01581-APG-NJK, pending in the United States District Court District of Nevada.

/ / /

/ / /

ACTIVE 46783486v1

## II. Information Within the Scope of the Protective Order

4. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during This Action, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to This Action or its representatives (the "Supplying Party") to any other party or parties to This Action or their representatives (the "Receiving Party"), whether provided voluntarily, pursuant to formal discovery procedures, or otherwise. The Parties agree that confidentiality of materials at trial will be determined by the Court after a separate briefing and/or argument process.

5. The scope of confidentiality protections afforded under this Protective Order does not include any trial exhibits or trial testimony entered into evidence during the case known as *Phillips v. C. R. Bard, Inc., et al.*, No. 3:12-cv-00344-RCJ-WGC (D. Nev. June 1, 2015), as to which that Court entered an Order denying Bard's motion to seal trial exhibits and trial transcripts. In addition, this Protective Order does not apply to any document that was admitted into evidence during the three MDL Bard IVC filter bellwether cases *In Re: Bard IVC Filters Products Liability Litigation, MDL 2641*, listed in Exhibit 2 of the MDL Court's Suggestion of Remand and Transfer Order, Dkt. No. 3. To the extent only a portion of a document was admitted, only that portion of the document that was admitted shall not be subject to protection.

Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

## III. Designating Information As "Confidential" Pursuant to This Protective Order

6. **Documents**. Any Supplying Party producing documents that contain information that meets the definition of Confidential Information as provided in Paragraph 1 and 2 herein, may designate the contents of the documents as "Confidential" prior to or at the time of production by placing the following designation on the documents: "CONFIDENTIAL – Subject to Protective Order." Where a document consists of more than one page, each page of the document shall be designated as such. Any document or information for which it is impracticable or impossible to affix

ACTIVE 46783486v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

such a legend may be designated by written notice to that effect with a reasonable description of the material in question including a BATES number, where applicable.

7.      If a Supplying Party makes documents or information available for inspection, rather than delivering copies to another party, no "Confidential" designation is required in advance of the initial inspection.  For the purposes of initial inspection only, the documents shall be considered "CONFIDENTIAL."  Upon production of the inspected documents, the Supplying Party shall designate which of the produced or copied documents and materials are or contain Confidential Information pursuant to Paragraph 6 of this Order.

8.      **Written Discovery**.  If responses to written discovery contain Confidential Information as defined in Paragraph 1 and 2 of this Protective Order, the Responding Party may designate the responsive documents and information, as set forth in Paragraph 6, with specific indication of the page and line references of the material that is "Confidential" under the terms of this Protective Order.

9.      **Depositions**.  The parties may designate as Confidential any deposition transcript, or portions thereof, in This Action that meets the definition of Confidential Information provided in Paragraphs 1 and 2 of this Protective Order. Counsel for the designating party shall advise the court reporter and the parties on the record during the deposition or by letter no later than thirty (30) calendar days after the court reporter provides the parties with the final deposition transcript.  If any portion or all of a deposition transcript is designated as Confidential Information, the court reporter shall label the cover page of the original and one copy of the transcript to state that Confidential Information is contained therein, and shall label as "Confidential" each page of the transcript and/or exhibits to the deposition transcript that constitute "Confidential Information."  Confidential designations of transcripts or portions thereof, apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof prior to the expiration of the 30-day period as "DO NOT DISCLOSE – SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Deposition transcripts or portions thereof will be treated as Confidential Information until expiration of the 30-day period.  If any party does not designate the transcript as "Confidential" either at the time of the deposition or within the 30-day period defined

- 4 -

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

above, no portion of the entire transcript will be deemed "Confidential" and the "DO NOT DISCLOSE- SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed. The 30-day period may not be extended without mutual agreement of the parties.

10. **Confidential Information Produced by Third Parties**. A party in This Action may designate as Confidential any document, information, or testimony produced or supplied by any person or entity not a party to This Action, that constitutes or meets the definition of Confidential Information as defined in Paragraphs 1 and 2 of this Protective Order. The party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as Confidential Information during this thirty (30) day period while all parties have an opportunity to review the information and to determine whether it should be designated as confidential. Any party designating third party information as Confidential Information shall have the same rights, duties, and obligations, as a Supplying Party under this Protective Order.

11. **Publicly Available Information.** The confidentiality restrictions and confidentiality obligations set forth herein shall not apply to information that is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party, generally available to the public through publication or otherwise. This includes information published during public hearings and trials, if the Supplying Party does not move to seal or appeal any order denying such motion to seal within the time permitted under the applicable rules. Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

IV.     <u>**Limitations on Use of Confidential Information**</u>

12. All Confidential Information shall be used for the purpose of this lawsuit only, and except as permitted by this Order, the parties and their respective attorneys, as well as experts or consultants, shall not give, show, or otherwise divulge or disclose the Confidential Information, or any copies, prints, negatives or summaries thereof to any person or entity. Notwithstanding the foregoing provisions of this paragraph, nothing in this Order shall prevent the use of any of the

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

documents or electronically stored information ("ESI") produced pursuant to this Protective Order in other actions brought by the plaintiff's counsel, so long as a comparable protective order is entered in those other actions.

13.     Confidential Information pursuant to this Protective Order shall be treated by the parties, their counsel, and any other signatory to this Protective Order as being confidential and private.  Any copy of Confidential Information shall have the same status as the original.  The disclosure and use of Confidential Information shall be confined to the permissible disclosures and uses set forth in this Protective Order, and no one shall disclose or use Confidential Information in a manner inconsistent with the terms and the intent of this Protective Order.

14.     Confidential Information may be disclosed only to the following persons and shall be used solely for the litigation of This Action and may not be disclosed to anyone not authorized under this paragraph:

a.      Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing This Action;

b.      Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel who are working on This Action;

c.      Experts and consultants (including their employees/contractors) who are consulted or retained by a party to assist in the litigation of This Action;

d.      Third-party contractors and their employees who are consulted or retained by one or more parties to provide litigation-support or copy services in connection with the litigation of This Action

e.      Witnesses or prospective witnesses in This Action;

f.      Court reporters, videographers, and other persons involved in recording deposition testimony in This Action;

g.      The Court and its personnel, including any mediators and/or special masters appointed by the Court, or if an appeal, the court with appellate jurisdiction; and

h.      Jurors in This Action.

ACTIVE 46783486v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

15.     Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14 above (except the Court and its personnel and jurors in This Action), the disclosing party will provide each potential recipient of Confidential Information with a copy of this Protective Order, which said recipient shall read.  Upon reading this Protective Order, such person shall sign an Agreement to Maintain Confidentiality ("Confidentiality Agreement"), attached to this Order as **Exhibit A**, acknowledging that he or she has read this Protective Order and shall abide by its terms. Notwithstanding the foregoing provision, Confidential Information may be disclosed to a witness who will not sign an Confidentiality Agreement in a deposition at which the party who has designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  These Confidentiality Agreements are strictly confidential and shall be maintained by counsel for each party and only with good cause shown and separate court order will the Confidentiality Agreements be disclosed to the opposing side.  Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Confidentiality Agreements but must comply with the terms of this Protective Order.

16.     All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and remedying any violations thereof.

17.     Confidential Information shall not be placed or deposited in any sort of data bank that is made available for indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses or any other persons not working on This Action and not signatories to this Protective Order.  This paragraph and the other provisions of this Order shall not apply to materials which, if challenged by any party, the Court rules are not entitled to protection.  This paragraph does not limit or restrict in any way the manner in which a party may store and make Confidential Information available to the attorneys, support staff, experts, and any other persons or entities working on This Action, provided the general terms of this Order are followed.

18.     The parties and their counsel as well as their technical consultants and experts shall also not sell, offer, advertise, publicize nor provide under any condition any Confidential Information

ACTIVE 46783486v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

produced by any other party to any competitor of any defendant or to any employee or any competitor (irrespective of whether they are retained as an expert by a party in This Action).

19.     In the event that either of the parties is served by a non-party with a subpoena for Confidential Information that was originally provided and claimed as Confidential by another party, the Receiving Party will give notice to the Supplying Party, where reasonably possible, no less than ten (10) business days prior to disclosure by providing a copy of the subpoena, to allow a reasonable opportunity for the Supplying Party to object to such production before any production takes place.

20.     If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall take reasonable efforts to immediately (a) inform the Supplying Party in writing of such disclosure, including to whom the material was disclosed; (b) make a reasonable effort to retrieve all copies of the Confidential Information only to the extent the Receiving Party has control over the unauthorized disclosed documents; (c) and to the extent the Receiving party has control over the person or persons to whom unauthorized disclosures were made, inform the persons of the terms of this Protective Order.

## V.     Changes in and Objections to Designation of Information

21.     **"Clawback" of Irrelevant Confidential Information**.     If a Supplying Party produces any document containing Confidential Information that they identify to the Receiving Party as irrelevant, the Supplying Party may notify the Receiving Party of the Irrelevant Confidential Information in writing.  If a portion of the document contains information relevant to This Action, the Supplying Party shall also supply the Receiving Party with a new copy of the document which shall be substituted for the earlier produced document. Upon receipt of the substitute document, the Supplying Party shall promptly return or destroy the earlier produced document.  Upon receipt of the Supplying Party's written notice, the Receiving Party shall, within a reasonable time, not exceed twenty (20) days, (a) treat such material in accordance with this Order; (b) take reasonable steps to notify any person to whom the Receiving Party disclosed such information of the new confidential designation; (c) take reasonable steps to procure the return of all copies of such material from any such persons who are not entitled to receipt of Confidential Information under the terms of this

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Protective Order; (d) request in writing that such person procure the return of such information from any person to whom such person may have disclosed the information.

22. **Challenges to Designation of Confidential Information**. A Receiving Party may challenge a Supplying Party's designation or re-designation by notifying the Supplying Party in writing that the confidentiality designation does not meet the definition of "Confidential Information." The designation by any party of Confidential Information raises no presumption that the information or documents are entitled under the law to protection. If any party contends, in writing, that any document, material, ESI, or other thing has been erroneously designated as Confidential Information, the party who designated the information as Confidential Information shall initiate a meet and confer within ten (10) days with the opposing party and the parties shall make a good faith effort to resolve issues relating to such designations. After the meet and confer, the party who designated the information as Confidential Information shall file a motion with the Court within thirty (30) days of receiving such written notification establishing that the information is entitled to protection as Confidential Information under the law. If the designating party fails to timely file such a motion within the allotted thirty (30) day period, the document, ESI, material, or other thing, which is designated as Confidential Information, shall forthwith be produced and be deemed not to be Confidential Information. Any information or thing being challenged as inappropriately designated as Confidential Information shall nonetheless be treated as Confidential Information unless and until either (a) the designating party gives written permission to do otherwise, (b) the designating party fails to file a motion establishing that the challenged material is subject to protection as Confidential Information under the law within the thirty (30) day time period, or (c) the Court rules that the document, material, ESI, or other thing shall not be treated as confidential. Should the Court rule that any item designated as Confidential Information is not entitled to protection under the law, the designating party shall, within fourteen (14) days after all appeals are exhausted, provide the party challenging the confidential designation with copies of each item free of any language indicating that the item is subject to a Protective Order. A Receiving Party shall only challenge documents under this Paragraph that they have a good faith basis for using in This Action.

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

23. Nothing in this Protective Order shall be deemed to shift the burden of proof to the party challenging the confidential designation with regard to whether the materials produced pursuant to this Protective Order are entitled to protection under the law as Confidential Information.

## VI. **Filing Under Seal**

See order issued concurrently herewith.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 46783486v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

**VII.** **Miscellaneous Provisions**

    26. **Amending or Modifying Protective Order.** By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or modified by consent or agreement of the parties or by order of the Court, and shall survive any final judgment or settlement in This Action, including but not limited to any final adjudication of any appeals petitions for extraordinary writs, unless otherwise vacated or modified by the Court. The Court shall have continuing jurisdiction over the terms and provisions of this Protective Order.

    27. **After Final Adjudication**. Upon written demand by the Supplying Party made within thirty (30) days after final adjudication of This Action, including but not limited to, any final adjudication of any appeals and petitions for extraordinary writs, the Receiving Party shall assemble and return all Confidential Information to the Supplying Party or, alternatively, shall destroy all such material at the Supplying Party's expense. The Receiving Party shall verify the complete destruction or return to the Supplying Party all such Confidential Information by executing and mailing to counsel for the Supplying Party an Acknowledgment in the form attached hereto as **Exhibit B**. A copy of each such executed Acknowledgment shall be maintained by counsel for the Receiving Party and counsel for the Supplying Party. Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Confidentiality Agreements and Acknowledgments pursuant to the Protective Order, materials required to be retained pursuant to applicable law, and all court-filed documents even though they contain Confidential Information, but such materials shall remain subject to the terms of this Protective Order. This provision may not be invoked while the plaintiff's attorneys of record have active

/ / /

pending cases relating to IVC Filters manufactured by C. R. Bard, Inc. and/or Bard Peripheral Vascular, Inc.

28.     The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial.  The use of Confidential Information during trial will be addressed in a later agreement between the parties, or, if they cannot reach an agreement, by further order of the Court.

29.     Nothing in this Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds, including, but not limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

30.     This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in This Action.  Nothing contained in this Order, or any action taken pursuant to it shall waive or impair any party's right to assert claims of privilege or work product protection, or the right of any party to object to the relevancy of admissibility of documents or information sought or produced into assert objections to requested discovery on grounds other than Confidential Information.  This Protective Order also shall not affect or create any presumption with respect to the right of any party from seeking or obtaining additional protection with respect to any documents, materials, or information where allowed by law.

31.     **Electronically Stored Information ("ESI") Document Production Review Process**.  To expedite document production of ESI from Defendants, the parties, through their respective counsel, have agreed to a primarily "no-eyes-on" document production as to relevancy while still performing a privilege review for ESI which Defendants will be producing subsequent to this Protective Order.  The Parties recognize that a substantial portion of the documents that will be produced in This Action were initially produced in *In re: Bard IVC Filters Products Liability Litigation,* MDL No. 2641, in the United States District Court District of Arizona ("IVC Filter MDL"), pursuant to a "no-eyes-on" document production as to relevancy in order to expedite production in the MDL.  As a result, the Receiving Party agrees to make a good faith effort to apply

- 12 -

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

the terms of this Protective Order consistent with that production. The Parties further agree that any additional document productions in This Action may be made pursuant to this "no-eyes-on" review/ESI production process (the "Process").

32. The Parties and their counsel agree to the entry of the Protective Order in This Action, and to the Process, which shall govern the production of documents, materials, and other information, including the substance and content thereof; and use of any such documents, materials, and other information during discovery, in conjunction with court filings or hearings, during any other pre-trial activity, and during trial. The Parties and their counsel have also agreed that all ESI produced by Defendants pursuant to the Process will be subject to the following terms:

    a. At the time of production, Defendants will identify the documents or ESI as being produced pursuant to the Process and subject to the restrictions of this Paragraph (the "Process ESI").

    b. Nothing in this Protective Order shall prevent the use of any Process ESI in other actions brought by the Plaintiff's counsel, so long as a substantially comparable protective order is entered in those other actions.

    c. Prior to using any document or ESI from the Process ESI as part of a filing, at a deposition, or at a trial or hearing in this matter, Plaintiffs shall make a good faith effort to identify whether the document or ESI contains any information that is subject to redaction under Paragraphs 33-34 ("Redaction Requirements") of this Protective Order and corresponding **Exhibit C** ("Redaction Protocol") and to redact any such information in accordance with this Order and redaction protocol.

    d. Defendants shall independently have the right to identify any documents or ESI from the Process ESI, including documents identified by Plaintiffs pursuant to Subparagraph 32.c. above, as subject to the Redaction Requirements and Redaction Protocol and to require the redaction of the information set forth therein; in that event, Defendants shall provide Plaintiffs with a redacted version of the subject documents or ESI with the same

- 13 -

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

1  production Bates number(s) and Plaintiffs shall destroy any unredacted copies

2  or versions of the document that they possess.

3  e.  Defendants shall have the right to identify any document, file, or other form

4  of ESI produced pursuant to the Process as both being irrelevant to the matters

5  in dispute in this case and containing trade secret or other confidential

6  information and to "claw back" such ESI or documents from the production.

7  After Plaintiffs use a document or ESI from the Process ESI as part of a filing,

8  at a deposition, or at a trial or hearing in this matter, Defendants shall have

9  thirty (30) days to seek claw back of the particular document pursuant to this

10  Paragraph; this latter requirement does not apply to Process ESI that has not

11  been used by Plaintiffs as part of a filing, at a deposition, or at a trial or hearing

12  in this matter, which may be clawed back at any time.

13  f.  Plaintiffs shall have the right to challenge any designation or claw back by

14  Defendants under Subparagraphs 32.d. or 32.e. above by submission of the

15  ESI or document to the Court under seal, and any filings that refer to the

16  protected substance of the ESI or document must, likewise, be made under

17  seal.

18  g.  i.  The production in This Action, use in This Action, or any other

19  disclosure in This Action of the substance or content of documents, materials,

20  or other information that is protected by the attorney-client privilege, work-

21  product protection, or any other privilege or protection shall not amount to

22  waiver of the privilege and/or protection in This Action, or in any other federal

23  or state proceeding, and Plaintiff and Plaintiff's counsel stipulate that they will

24  not argue in any other action or proceeding, whether in federal or state court,

25  that the production, use, or other disclosure of such documents, materials, or

26  other information in This action constitutes waiver of the privilege or

27  protection.

28  / / /

ACTIVE 46783486v1

ii.   If the Receiving Party identifies a document, material, or other information that reasonably appears to be protected by any privilege or other protection, they shall promptly notify the Supplying Party in writing.  If the Supplying Party determines that the document, material, or other information is privileged or otherwise protected, it shall make such an assertion in writing within 30 days of receipt of notification.  After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. Failure to assert the privilege or protection within 30 days of receipt of notification shall amount to waiver of any privilege or protection only of the document, material, or other information identified in the notification.

Unless waived under subsection (ii) above, at any time, a party that produces any document, material, or other information that it believes to be protected by the attorney-client privilege, work-product protection, or any other privilege or protection may assert the privilege or protection in writing.  After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

h.   To the extent that the documents or ESI produced pursuant to the Process contain any adverse event reporter names or information of a patient who is not a party to this litigation and which would otherwise be redacted in accordance with the Redaction Requirements of this Protective Order, Plaintiffs and their counsel and agents shall not contact the patient or reporter of an adverse event unless and until the parties go through the processes

- 15 -

ACTIVE 46783486v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

1  outlined in Subparagraphs 32.e. and 32.g. above with respect to redaction of

2  information and this Court determines the information is not subject to

3  redaction.

4      33.    **Redaction of Adverse Event Reporter, HIPAA, and Other Information Pursuant**

5  **to Exhibit C.** Defendants have produced in the IVC Filter MDL and may produce in This Action

6  additional and updated adverse event reports and complaint files maintained pursuant to 21 U.S.C.

7  § 360i, 21 C.F.R. § 803.18 and 21 C.F.R. § 820.1-.250, as well as documents relating to those adverse

8  events and complaint files. To the extent that Defendants are able to identify whether these reports

9  and complaint files relate to the Plaintiff at the time they are produced in This Action, the parties and

10  their respective counsel have consented to and agreed that the Defendants shall refrain from redacting

11  the following identifiable information, as defined in 21 C.F.R. § 20.63(f), in the below circumstance:

12      a.    Identifiable information of the Plaintiff in this litigation shall not be redacted,

13      pursuant to 21 C.F.R. § 20.63(f)(1)(iii).

14      Otherwise, in accordance with 21 C.F.R. § 20.63(f) and other applicable laws, statutes, and

15  regulations, the Defendants shall only redact such information as is set forth in the agreed Redaction

16  Protocol attached to this Protective Order as **Exhibit C**, and Plaintiffs shall have the right to object

17  to any redactions made.

18      The parties acknowledge that this Stipulated Order is intended to and does satisfy the written

19  consent requirement of the federal regulations.

20      a.    Any documents containing any reporter or personal identifying information

21      shall be designated and branded as confidential in accordance with this Order.

22      To the extent that any adverse event reporter information or patient

23      information belonging to any individual or entity who is not a party to this

24      litigation is disclosed, because such information is not required to be redacted

25      in accordance with this Protective Order (see Paragraph 29-30), the Receiving

26      Party and their counsel and agents shall not contact the patient or reporter

27      involved in an adverse event.

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

b.      Any additional documents or ESI Defendants produce in This Action will be produced subject to this Order and marked Confidential.  Thus, any documents or ESI containing any adverse event reporter, personal identifying information, or any other information protected from disclosure as described in **Exhibit C** shall continue to be treated as confidential in accordance with this Order.

34.      If the Receiving Party intends to file with the Court, use at a deposition, or otherwise disclose a document to a nonparty (consistent with the terms of this Order), the Receiving Party shall make a good faith effort to redact that document consistent with **Exhibit C** prior to such disclosure. After such filing or other use, the Supplying Party shall have fifteen (15) days to provide the Receiving Party with an amended copy of the document with any additional redactions it deems necessary pursuant to **Exhibit C**.  If an amended copy is provided, the Receiving Party will ensure that the original copy is replaced with the amended copy in the court filing or deposition.

35.      Each party shall retain all rights and remedies available to it under the law for the enforcement of this Protective Order against anyone who violates it.

36.      Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts the Court relies upon in making any findings or issuing any ruling, order, judgment, or decree.

Within thirty (30) days of any information that has been claimed as Confidential Information being de-designated or made publicly available, the Supplying Party shall provide notice of the Confidential Information that has been de-designated and/or made publicly available.  Such notice shall be made by identifying bates numbers or by other means such as identifying categories of information where the identification of bates numbers are not possible or not feasible.  Publicly available includes documents that have been filed with any court or entered as an exhibit during trial not under seal, provided, however that the Supplying Party is not required to provide notice of de-designation with regard to such documents until any motion or request to seal those documents is denied.  This paragraph only applies to the extent that the Supplying Party knew or should have

/ / /

known that the information claimed as Confidential Information was de-designated or made publicly available.

Respectfully submitted this 24th day of October 2019.

| | |
|---|---|
| FLEMING NOLEN & JEZ, LLP | GREENBERG TRAURIG, LLP |
| By: */s/ Rand P. Nolen* | By: */s/ Eric W. Swanis* |
| RAND P. NOLEN, ESQ. | ERIC W. SWANIS, ESQ. |
| 2800 Post Oak Boulevard | Nevada Bar No. 6840 |
| Suite 4000 | 10845 Griffith Peak Drive, Suite 600 |
| Houston, Texas 77056-6109 | Las Vegas, Nevada 89135 |
| rand_nolen@fleming-law.com | swanis@gtlaw.com |
| | |
| WETHERALL GROUP, LTD. | CASEY SHPALL, ESQ. |
| | *Admitted Pro Hac Vice* |
| By: */s/ Peter C. Wetherall, Esq.* | GREGORY R. TAN, ESQ. |
| PETER C. WETHERALL, ESQ. | *Admitted Pro Hac Vice* |
| Nevada Bar No. 4414 | 1144 15th Street, Suite 3300 |
| 9345 W. Sunset Road, Suite 100 | Denver, Colorado 80202 |
| Las Vegas, Nevada 89148 | shpallc@gtlaw.com |
| pwetherall@wetherallgroup.com | tangr@gtlaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 46783486v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CRISS L. ROGERS, | CASE NO. 2:19-cv-01581-APG-NJK |
| Plaintiff, | |
| v. | **ORDER** |
| C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED, | |
| Defendants. | |

Based upon the Stipulated Protective Order filed concurrently herewith and **GOOD CAUSE APPEARING** therefore,

**IT IS HEREBY ORDERED** that the meanings and provisions contained in the Stipulated Protective Order concerning the use and/or disclosure of Confidential Information shall control all documents produced pursuant to this Order and shall be effective as to all parties for the purposes of this litigation.

**IT IS SO ORDERED.**

Dated this _25_ of _October_, 2019.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

ACTIVE 46783486v1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CRISS L. ROGERS, | CASE NO. 2:19-cv-01581-APG-NJK |
| Plaintiff, | |
| v. | **AGREEMENT TO MAINTAIN CONFIDENTIALITY** |
| C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED, | |
| Defendants. | |

I, _____ (Name), have been given and have read a copy of the Protective Order, dated _____, 20__ in the case of *Criss L. Rogers v. C. R. Bard, Inc., et al.*, Case No. 2:19-cv-01581-APG-NJK, pending in the United States District Court District of Nevada.

I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me is subject to the Order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court Order. I understand that my unauthorized disclosure of any "Confidential Information" or contact of a patient or reporter of an adverse event may constitute contempt of court and I agree to be personally subject to the jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for my violation of the terms of this Agreement to Maintain Confidentiality and the Protective Order. I also understand that my signature on this "Agreement to Maintain Confidentiality," indicating my agreement to be bound by the terms of this Protective Order, is required before I may be allowed to receive and review any produced document and materials that are designated as "Confidential Information."

Date: _____      Print Signature: _____

                            Signature: _____

*ACTIVE 46783486v1*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)



# EXHIBIT B

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CRISS L. ROGERS, | CASE NO. 2:19-cv-01581- APG-NJK |
| Plaintiff, | |
| v. | **ACKNOWLEDGMENT OF DESTRUCTION OR RETURN OF CONFIDENTIAL INFORMATION** |
| C. R. BARD, INC.; BARD PERIPHERAL VASCULAR, INCORPORATED, | |
| Defendants. | |

I, _____ (Name), am over the age of 18 years and am a resident of _____ County, _____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

I have requested and received from _____ all of the "Confidential Information" contained in materials, transcripts, and other things within the scope of this Protective Order and produced in this case, *Criss L. Rogers v. C. R. Bard, Inc., et al.*, Case No. 2:19-cv-01581-APG-NJK, pending in the United States District Court District of Nevada.

I have either destroyed or have attached hereto all of the "Confidential Information" contained in the materials, transcripts, and other things within the scope of this Protective Order including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order related to this matter. Notwithstanding the foregoing provisions of this paragraph, the Receiving Party may maintain its privileged communications, work product, Confidentiality Agreements and Acknowledgments pursuant to the Protective Order, materials required to be retained pursuant to the applicable law, and all court-filed documents even though they contain "Confidential Information," but such materials shall remain subject to the terms of this Protective Order.

/ / /

/ / /

*ACTIVE 46783486v1*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

1      I declare under penalty of perjury under the laws of _____ that

2 the foregoing is true and correct.

3 Date: _____              Print Signature: _____

4                                      Signature: _____

# EXHIBIT C

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

**EXHIBIT C**
**Redaction Protocol**

1)    <u>Redactions under the Health Insurance Portability Act of 1996 (HIPAA) and under 21 CFR 20.63, redact the following</u>:

**1)    Redact the following for the patient, relatives, household members, or employers:**

(1)    Names

- Names of the individuals associated with the corresponding health information (i.e., the subjects of the records) and of their relatives, employers, and household members are redacted.  Do not redact doctors, nurses, etc. for HIPAA.

(2)    County, City and Street address and last two digits of zip code

- DO NOT REDACT COUNTRY, STATE, OR FIRST THREE DIGITS OF ZIP CODE.
- Washington, DC is considered a state for HIPAA redaction purposes.

(3)    Birthdates and dates of death

- DO NOT REDACT THE YEAR

(4)    Telephone numbers

(5)    Fax numbers

(6)    Email addresses

(7)    Social security numbers (even if it is only a portion, or the full number but most is X'd out – redact it all)

(8)    Medical record numbers, Accession Numbers, EMR (Electronic Medical Record Number), PHR (Personal Health Record), PMR (Personal Medical Record), Clinical Trial Record Numbers

(9)    Health plan beneficiary numbers, Group Policy IDs, Policy Numbers, etc. (but not the name or address of insurance companies)

(10)    Account numbers

(11)    Certificate/license numbers

(12) Vehicle identifiers (license plate numbers, VINs, etc.)

(13) Serial numbers of devices

(14) URLs, folder paths, file locations (if they include anything like the patient ID, or the patient's employer)

(15) IP Addresses

(16) Biometric identifiers such as fingerprints, patient chart barcodes

(17) Full face images (not side profiles)

(18) Any other unique identifier

- This can include anything that is unique enough to identify the person "President of the United States", "current Provost of the University of Tennessee", "first man to walk on the moon", "first heart transplant recipient"

**NOT REDACTED:**

- Bard Complaint IDs
- Information about a person who has been dead 50 years or more
- Autopsy reports

_____

**2)**     <u>**Redactions of Reporter Information - 21 CFR 20.63**</u>

The names, address (including city, state, and country), of any reporter (except if it is a Bard Employee or FDA representative), including the names of:

(1) Names of any doctor, nurse, intern, or employee of the reporter institution. This includes initials.

(2) Name of the hospital/institution.

(3) All geographic information including city, state, country, zip code, etc.

(4) Phone numbers, fax numbers, or pager numbers for the institution, doctor, etc.

(5) Email addresses, websites for the hospital, etc.

- Bard Employees are not redacted because not considered voluntary reporters
- If reporter is an attorney or law firm subject to parties' stipulation regarding redaction, do not redaction, do not redact the attorney/law firm as the reporter.

- 24 -

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)