ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GLENN F. MEIER, ESQ.
Nevada Bar No. 006059
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: swanise@gtlaw.com
           meierg@gtlaw.com
CASEY SHPALL, ESQ.*
GREGORY R. TAN, ESQ.*
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email: shpallc@gtlaw.com
           tangr@gtlaw.com

**Counsel for Defendants**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CRISS L. ROGERS,<br><br>                       Plaintiff,<br><br>v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>                       Defendants. | Case No. 2:19-cv-01581-APG-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES** |

Plaintiff Criss L. Rogers ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants" and collectively with Plaintiff, the "Parties"), pursuant to Fed. R. Civ. P. 26(c) and (d) and LR IA 6-1, respectfully request that this Court temporarily stay discovery and all pretrial deadlines, as set forth in the revised Discovery Plan (Dkt. 54), until **April 27, 2021** while the Parties finalize settlement documents.  In support thereof, the Parties state as follows:

/ / /

/ / /

1

1. This case was part of the Multi-District Litigation proceeding *In re: Bard IVC Filters Product Liability Litigation*, pending before Senior Judge David Campbell of the District of Arizona.

2. Plaintiff alleges experiencing complications following the implantation of a Bard Inferior Vena Cava ("IVC") filter, a prescription medical device. He has asserted three strict products liability counts (manufacturing defect, information defect (failure to warn) and design defect), six negligence counts (design, manufacture, failure to recall/retrofit, failure to warn, negligent misrepresentation and negligence per se), two breach of warranty counts (express and implied), two counts sounding in fraud (fraudulent misrepresentation and fraudulent concealment), an unfair and deceptive trade practices count, and a claim for punitive damages.

3. Defendants deny the Plaintiff's allegations.

4. After four years, the completion of general issue discovery, and the conduct of three bellwether trials, Judge Campbell ordered that cases, which have not settled or are not close to settling, be transferred or remanded to the appropriate jurisdictions around the country for case-specific discovery and trial. As a part of that process, he established a "track" system, wherein certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

5. This case was transferred to this Court on August 20, 2019 because at the time it was not close to settling. But, since that date, the Parties have engaged in further settlement discussions to resolve this case and the those of other plaintiffs represented by Plaintiff's counsel with cases pending before other United States District Courts. The Parties initially reached a global settlement which did not include the Plaintiff. However, after renewed settlement discussions, the Parties have recently reached a settlement in principle in this case as well.

6. The settlement process is well underway, as Plaintiff has signed a release and provided lien verification documents, but it is not yet completed. Accordingly, the Parties request that this Court issue an order staying discovery and pretrial deadlines until **April 27, 2021** to allow the Parties time to finalize settlement documents. This will prevent unnecessary expenditures of the

///

Parties and judicial resources as well as place this case on a similar "track" as the MDL cases Judge Campbell determined should continue settlement dialogue.

7. A district court has broad discretion over pretrial discovery rulings. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord, Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1188-89 (11th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *see also, Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice.").

8. Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence. *Britton*, 523 U.S. at 598. Although settlement negotiations do not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to the cutoff date. *Sofo v. Pan-American Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994); *see also, Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial judge's decision to curtail discovery is granted great deference," and noting that the discovery had been pushed back a number of times because of pending settlement negotiations).

9. Facilitating the efforts of parties to resolve their disputes weighs in favor of granting a stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and permit them to mediate global settlement. The Court granted the stay, finding the parties would be prejudiced if required to move forward with discovery at that time and a stay would potentially prevent an unnecessary complication in the case. *Id*. at *3. Here, the Parties have reached a settlement in principle.

10. The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion yet allow sufficient time to schedule and complete discovery if necessary, consistent with the scheduling obligations of counsel. The relief sought in this stipulation is not being requested for delay, but so that justice may be done.

/ / /

/ / /

**WHEREFORE**, Plaintiff and Defendants respectfully request the Court's approval of this stipulation to stay discovery and all pretrial deadlines until **April 27, 2021** to allow the Parties to finalize settlement documents.

**IT IS SO STIPULATED.**

Respectfully submitted March 1, 2021.

| FLEMING, NOLEN & JEZ, LLP | GREENBERG TRAURIG, LLP |
|---|---|
| By: */s/ Rand P. Nolen*<br>RAND P. NOLEN, ESQ.*<br>*Admitted Pro Hac Vice*<br>rand_nolen@fleming-law.com<br>2800 Post Oak Blvd., Ste. 4000<br>Houston, TX 77056-6109<br><br>PETER C. WETHERALL, ESQ.<br>WETHERALL GROUP LTD.<br>Nevada Bar No. 4414<br>pwetherall@wetherallgroup.com<br>9345 West Sunset Road, Suite 100<br>Las Vegas, Nevada 89148<br><br>**Counsel for Plaintiff** | By: */s/ Eric W. Swanis*<br>ERIC W. SWANIS, ESQ.<br>Nevada Bar No. 6840<br>swanise@gtlaw.com<br>GLENN F. MEIER, ESQ.<br>Nevada Bar No. 006059<br>meierg@gtlaw.com<br>10845 Griffith Peak Drive, Suite 600<br>Las Vegas, Nevada 89135<br><br>CASEY SHPALL, ESQ.*<br>GREGORY R. TAN, ESQ.*<br>*Admitted Pro Hac Vice*<br>GREENBERG TRAURIG, LLP<br>1144 15th Street, Suite 3300<br>Denver, Colorado 80202<br>shpallc@gtlaw.com<br>tangr@gtlaw.com<br><br>**Counsel for Defendants** |

ORDER

On the basis of good cause, IT IS ORDERED that the parties' stipulation is GRANTED. IT IS FURTHER ORDERED that by April 27, 2021, the parties must either file dismissal documents or a joint status report regarding the status of settlement.

**IT IS SO ORDERED**

**DATED:** 5:10 pm, March 05, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**